UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 19-CV-00598

$15,000.00, MORE OR LESS,
IN U.S. CURRENCY.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America, by and through the undersigned Assistant United States Attorney, brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $15,000.00, more or less, in U.S. Currency (the "Defendant Funds") as monies furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or monies used or intended to be used to facilitate a federal controlled substance offense.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

      a.    28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in Mobile, Alabama, which is in Mobile County, and the Southern District of Alabama; and

      b.    28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Southern District of Alabama pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of $15,000.00, more or less, in United States currency that was seized on November 25, 2014, at Uncle Bob's Self Storage in Mobile, Alabama. The United States Food and Drug Administration ("FDA") took custody of the Defendant Funds and they remain in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## INTERESTED PARTIES

7. As set forth in more information below, the Defendant Funds were seized after being abandoned at a storage facility. The apparent owner of the Defendant Funds was determined to be a fictitious name, therefore we are unable to provide notice of this action to him or her. Publication will be made in accordance with 18 U.S.C. § 983, and in the event that an interested party is located, further notice shall be provided in accordance with 18 U.S.C. § 983.

## BASIS FOR FORFEITURE

8. The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

9. Specific details of the facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by U.S. Postal Inspection Service Inspector Robert Gechijian. He states as follows[1]:

   a) At all times relevant, Robert Gechijian was and remains employed as a Postal Inspector ("PI") with the United States Postal Inspection Service ("USPIS"). He has participated in numerous investigations, including investigations related to the Federal Controlled Substances Act and money laundering violations within the Southern District of Alabama and other judicial districts. PI Gechijian is familiar with the operation of persons involved in the illegal prescribing, distribution, storage, and transportation of prescription drugs and the collection and distribution of money representing the proceeds of drug trafficking.

   b) On or about October 7, 2014, Mordecai Laufer[2] hired a runner in New York (Yoel Chajmovicz) to transport $25,000 in cash to Debra Stoudenmire in Mobile,

---

1. This statement is a summary of a long-term investigation and is narrowed to content regarding the subject $15,000 in U.S. currency.
2. See *United States v. Mordecai Zeev Laufer*, Southern District of Alabama, Case No. 14-cr-00279-KD.

Alabama, in connection with a conspiracy to illegally distribute millions of tablets of Tramadol - a schedule IV controlled substance – through the mail.[3]

c) In cooperation with an investigation by the USPIS, FDA and IRS, Stoudenmire recorded several conversations she had between October 11-23, 2014, with a man using the name "Eric Wise." It was determined that Eric Wise was a pseudonym used by a male Israeli national whose real name is unknown. Eric Wise only communicated with Stoudenmire through Skype and no address or verifiable phone number has been connected to him.

d) Stoudenmire notified Wise on October 27, 2014, that she no longer wished to mail pill packages for him and Wise made arrangements with Stoudenmire to retrieve roughly 1,348,000 tablets of Tramadol using hired movers. The mover recommended by Stoudenmire and hired by Wise was actually an undercover agent of the FDA.

e) The undercover agent transported 50 empty boxes in a U-Haul truck from Mobile to an address in New York specified by Wise, but retained possession of the cargo when the individuals located at the delivery address refused to pay for the delivery. Wise then contacted the undercover agent posing as a mover and asked him to keep the cargo safe for a few days.

f) On November 17, 2014, Wise contacted the undercover agent and asked him to inventory the product in his possession and offered the undercover agent a "job" mailing the Tramadol tablets.

---

3. Tramadol was added to Schedule IV on August 18, 2014.

g) On November 19, 2014, Wise contacted the undercover agent and advised that Wise had purchased a laser printer for the agent's use in mailing the pills which was available for pick-up at the Best Buy on Airport Boulevard in Mobile, Alabama.

h) On November 20, 2014, Wise contacted the undercover agent and stated a courier was on his way to deliver payment, for distributing the Tramadol tablets, to the undercover agent at Uncle Bob's Self-Storage on Airport Boulevard in Mobile. Wise instructed the undercover agent to pick up the payment as soon as possible. The undercover agent contacted the manager at Uncle Bob's who advised that a packaged had been delivered by an unknown male who arrived and departed via hotel shuttle. The manager was able to provide the color of the van and described the identity of the courier as a man having a dark complexion, possibly of Indian descent. Through coordination with TSA, the man was later identified after departing from Mobile.

i) On November 25, 2014, investigators recovered and inventoried the package left at Uncle Bob's Self Storage for the undercover agent. It contained $15,000 in U.S. currency, the Defendant Funds in this case.

j) The package containing the $15,000 in U.S. currency was turned over to FDA Special Agent Kuykendall for seizure. The Defendant Funds are currently in the custody of the U.S. Marshals Service and have been since January 7, 2015.

10. Based on the facts as set out by PI Gechijian, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

11. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute money used or intended to be used to facilitate federal controlled substance offenses, proceeds or are traceable to proceeds of federal controlled substance offenses, or money furnished or intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. § 801, *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## CONCLUSION

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date: August 29, 2019   By:   */s/ Kasee Sparks Heisterhagen*
Kasee Sparks Heisterhagen
Assistant United States Attorney
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Telephone:   251.415.7186
Facsimile:   251.441.5044
Email:   kasee.heisterhagen@usdoj.gov

## VERIFICATION

I, ROBERT GECHIJIAN, hereby verify and declare under penalty of perjury, that I am a Postal Inspector with the U.S. Postal Inspection Service, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other FDA Special Agents. The Verified Complaint does not contain each and every fact that I have learned during the course of this investigation, but only those necessary to support the seizure of the Defendant Funds and the initiation of this civil forfeiture action.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this  15  day of August, 2019.

_____
Robert Gechijian
Postal Inspector
United States Postal Inspection Service

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$15,000.00, more or less, in U.S. Currency

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
AUSA Kasee S. Heisterhagen, USAO, SDAL, 63 S. Royal St., Suite 600, Mobile, AL 36609   251-441-5845

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 864 SSID Title XVI |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 USC 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE  Dubose and Granade
DOCKET NUMBER  14-279-KD & 16-117-CG

DATE  8/28/2019
SIGNATURE OF ATTORNEY OF RECORD  Kasee S. Heisterhagen

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO: 19-00598 |
| | * | |
| **$15,000.00, more or less, in U.S. Currency,** | * | |
| | * | |
| | * | |
| Defendant. | * | |

## WARRANT FOR ARREST OF
## $15,000.00, MORE OR LESS, IN U.S. CURRENCY

**TO THE UNITED STATES MARSHALS SERVICE OF THE SOUTHERN DISTRICT OF ALABAMA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

**WHEREAS**, a Verified Complaint for Forfeiture *In Rem* which had been filed in this Court on August 29, 2019, alleges that the defendant in rem in the above-captioned action is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act; and,

**WHEREAS**, the defendant is more particularly identified as $15,000.00, more or less, in U.S. Currency; and,

**WHEREAS**, said defendant is alleged to be in the government's possession, custody or control in the Verified Complaint for Forfeiture *In Rem*, namely, the United States Marshals Service in the Southern District of Alabama, and,

**WHEREAS**, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, effective December 1, 2006, requires that the Clerk of Court issue a warrant for arrest of such a defendant if it is in the government's possession, custody, or control, and,

**WHEREAS,** service of a warrant for arrest in connection with a Verified Complaint for Forfeiture on property already in the government's possession, custody or control is necessary to establish the Court's *in rem* jurisdiction over the property;[1] and,

**WHEREAS**, Rule G(3)(b)(iii) provides that a warrant for arrest and any supplemental process may be executed outside the district when the Verified Complaint for Forfeiture *In Rem* is filed if authorized by statute; and,

**WHEREAS**, 28 U.S.C. §1355(d) authorizes any Court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any district such process may be required to bring before the court the property that is the subject of the forfeiture action by any court with jurisdiction over a forfeiture action; and,

**WHEREAS,** the United States District Court for the Southern District of Alabama has jurisdiction of this action as at least some of the acts or omissions giving rise to the forfeiture

---

[1]   *United States v. All Funds Distributed to Weiss*, 345 F.3d 49, 55 n.7, 56 n.8 (2d Cir. 2003) (seizure or constructive control of the property is necessary for the court to exercise in rem jurisdiction; distinguishing *James Daniel Good* as creating a special case for real property); *Ventura Packers, Inc. V. F/V Kathleen*, 424 F.3d 852, 853 (9th Cir. 2005) (in rem jurisdiction is obtained by serving an arrest warrant in rem pursuant to [former] Rule C(3)); *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1183-84 (C.D. Cal. 2005) (the court does not obtain jurisdiction over the res until it is arrested, seized, or otherwise brought within the court's control; obtaining jurisdiction over the property and sending notice to potential claimants are different concepts).

2

occurred in the district, authorizing the issuance and service of the warrant in another district under 28 U.S.C. §1355(b)(1)(A).

**YOU ARE, THEREFORE, HEREBY COMMANDED** to as soon as practicable arrest and seize the defendant described herein and in the Verified Complaint for Forfeiture *In Rem*, to make prompt return thereof, and to use discretion and whatever means appropriate to protect and maintain said defendant.

Dated: _____

                                        CHARLES R. DIARD, JR.
                                      CLERK OF COURT

                              By: _____
                                     Deputy Clerk